UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24119-Civ-MORENO
         (10-20136-Cr-MORENO)
MAGISTRATE JUDGE P. A. WHITE

LUZ MARINA            :
CASTRILLON-LOPEZ,
                      :
     Movant,
                      :
v.                              REPORT OF
                      :    MAGISTRATE JUDGE
UNITED STATES OF AMERICA,
                      :
     Respondent.
                      :
_____

I.   Introduction

     This matter is before this Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, seeking a reduction of her
sentence, following a guilty plea entered in Case No. 10-20136-Cr-
MORENO.

     This Cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and
Rules 8 and 10 of the Rules Governing Section 2255 Cases in the
United States District Courts.

     The Court has reviewed the motion (Cv-DE# 1), the government's
response thereto (Cv-DE#7), the movant's reply (Cv-DE#8), the
Presentence Investigation Report ("PSI"), the court's Statement of
Reasons ("SOR"), and all pertinent portions of the underlying
criminal file.

     This court, recognizing that the movant was pro se, afforded
him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419

(1972). Movant raises the following ground for relief, the trial court erred in sentencing her based on a PSI which improperly calculated her criminal history category.

## II. Factual Background and Procedural History

On March 5, 2010, Luz Marina Castrillon Lopez (Movant) was charged in a one-count indictment charging illegal re-entry, in violation of Title 8, United States Code, Section 1326. (CR DE#8). On April 6, 2010, the Movant pleaded guilty without a plea agreement. (Cv DE# 7-2, Change of Plea Hearing Transcript).  A careful and meticulous plea colloquy was conducted by the court pursuant to Fed.R.Cr.P. 11, with the help of an interpreter. (Id.). At that time, after movant was given the oath, movant provided background information.  (Id.:3-4).  The following exchange next took place:

> THE COURT: [O]n February 1st of this year . . . in . . . Miami-Dade County, Southern District of Florida, you, Luz Marina Castrillo-Lopez, an alien, a foreigner, having been previously removed or deported from the United States back on June the 14th, 1995, you were found right here in the United States illegally knowingly and unlawfully without permission from the Attorney General or the person who followed him, the Secretary for Homeland Security, without those individuals expressly consenting to your re-applying for admission into the United States and; thus, you violated on February 1st a federal law for being here knowingly and unlawfully without permission after having been deported back in 1995.  How do you plead? Guilty or not guilty?
>
> DEFENDANT: Guilty

(Id.:4).

Movant understood and acknowledged that by entering into the plea, she was giving up certain constitutional rights, including

2

the right to a trial by jury, to confront witnesses, to call witnesses to testify on his behalf, and right to appeal the conviction. (Id.:5-7). The court also expressly informed her that she would eventually face deportation. (Id.:11). Movant also agreed that the maximum term of imprisonment was 20 years in prison. (Id.:7). Movant then acknowledged that she understood that the sentence in his case would be determined based on the court's consideration of the guidelines contained in a PSI which will be prepared by a probation officer after the court accepts movant's plea. (Id.:7-8). Next, movant understood that she could not rely on any estimate given to him regarding his sentence exposure because it will not have been ascertained until after the PSI is prepared. (Id.7-8).   When asked if she was satisfied with counsel representation and the advice provided, movant responded that she was. (Id.:9). Movant also acknowledged that after speaking with counsel, she decided that it was best if she pled guilty. (Id.). Movant denied that there were other promises made to him in order to induce him to accept the plea. (Id.:9-10).  She also denied being forced to plead guilty. (Id.).   She then denied ever receiving treatment for a mental illness or drug addiction, and further denied consuming drugs or alcohol prior to the hearing. (Id.:11-12).

The prosecutor next read the underlying facts into the record as follows:

> If this case were to proceed to trial, the United States would prove beyond a reasonable doubt that on or about February 1, 2010, ICE special agents found the defendant Luz Marina Castrillon-Lopez also known as Luz Marino de Fatima Castrillon-Lopez and Luz Marina Castrillon de Marin in Miami-Dade County in the Southern District of Florida.
>
> Computer queries identified that Castrillon-Lopez is

neither a national nor a citizen of the United States but is a native and citizen of Columbia.

Further immigration checks revealed that Castrillon-Lopez was ordered removed on June 12, 1995, and was physically removed from the United States on June 14, 1995. The defendant's current fingerprints were compared to those on the I-205 warrant of deportation from June 14, 1995, and returned a positive match to Castrillon-Lopez.

The defendant did re-enter the United States without the permission of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, having expressly consented to her re-applying for admission to the United States.

(Id.:12-13). The court asked the petitioner if she agreed with the factual stipulation. (Id.:13). She stated that she agreed and apologized for committing the crime. (Id.).

The court then found that the movant was competent and capable of entering an informed plea. (Id.:14). The court accepted the movant's plea, finding movant was aware of the nature of the charges and the consequences of the plea, and as a result, that the plea was knowing and voluntary. (Id.). The court also found the plea was supported by an independent basis in fact, containing each of the essential elements of the offenses. (Id.).

Prior to sentencing, a PSI was prepared which revealed as follows. Pursuant to U.S.S.G. §2L1.2, the movant's base offense level was set at a level 8, for violation of 18 U.S.C. §1326(a), (b)(2), because the offense involved illegal re-entry. (PSI ¶11). The offense level was increased sixteen levels pursuant to § 2L1.2(b)(1)(A) because the defendant was previously deported or unlawfully remained in the United States after a conviction for conspiracy to distribute and possession with intent to distribute cocaine for which the sentence imposed exceeded 13 months. (PSI

4

¶12).   The base offense level was then reduced three levels based on movant's timely acceptance of responsibility, resulting in a total adjusted offense level 21. (PSI ¶18-20).

In making a criminal history computation, the probation officer determined the movant had a subtotal of three criminal history points.  (PSI ¶23).  Because the movant committed the present offense while serving a term of mandatory release, two points were added pursuant to §4A1.1(d).  (PSI ¶24).  Because the movant committed the present offense less than two years from release from custody, one point was added pursuant to §4A1.1(e). (PSI ¶25).  As a result, the movant had a total of six criminal history points and a criminal history category III. (PSI ¶26).

Statutorily, the minimum term of imprisonment was zero years and the maximum was 20 years, pursuant to 18 U.S.C. 1326(a), (b)(2).  (PSI ¶53).  Based on a total offense level 21 and a criminal history category III, the guideline range was set at 46 to 57 months in prison. (PSI ¶54).

On June 15, 2010, the Movant was sentenced to forty-eight months of imprisonment, three years of supervised release, a fine of $7,500, and a $100 special assessment. (Cv DE# 7-1, Sentencing Hearing Transcript). The Movant filed a notice of appeal on June 23, 2010. (Cv DE# 30). On October 11, 2011, the Eleventh Circuit Court of Appeals affirmed the District Court's sentence. (Cv DE# 52).

On November 13, 2012, the movant filed her motion to vacate her sentence. (Cv DE# 1).[1]  In the government's response to this

---

[1]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If

court's order to show cause, the government argues that claim is procedurally barred because the movant failed to raise this claim on direct appeal. (Cv DE# 7, p. 2). The government also addresses the merits of the claim raised. Because the Undersigned agrees with the government that Scott's claim is without merit in light of his sworn testimony during the change of plea hearing, the Undersigned will not make a determination on the timeliness issue.

## III. <u>Procedural Bar</u>

The government rightly argues that the movant's claim for relief is procedurally barred from consideration in this §2255 proceeding. Ordinarily, a motion to vacate under §2255 is not a substitute for a direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. <u>Massaro v. United States</u>, 538 U.S. 500 (2003). <u>See also</u> <u>United States v. Frady</u>, 456 U.S. 152 (1982); <u>Lynn v. United States</u>, 365 F.3d 1225, 1234-35 (11th Cir. 2004); <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989).

Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a §2255 motion unless the movant establishes (1) cause for not raising the ground on direct appeal and actual prejudice resulting from the alleged error, or (2) actual innocence. <u>Lynn</u>, 365 F.3d at 1234;

---

an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.**"**). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. <u>See</u> <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001); <u>See</u>: <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

Bousley v. United States, 523 U.S. 614, 622-3 (1998) Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). See also Jones v. United States, 153 F.3d 1305 (11th Cir. 1998)(finding that cause and prejudice was not available to movant as a means of avoiding procedural default, but recognizing that actual innocence might still be a viable option); Campino v. United States, 968 F.2d 187, 189-90 (2d Cir. 1992)("[A] procedural default of even a constitutional issue will bar review under Section 2255, unless the petitioner can meet the 'cause and prejudice' test"). It should be noted, however, that an improper sentence may be challenged under section 2255's catchall provision, which allows claims based on sentences that are "otherwise subject to collateral attack." See United States v. Pettiford, 101 F.3d 199, 201 (1st Cir. 1996) ("fourth prong of §2255 encompasses other than constitutional or statutory error").

A § 2255 motion is not a surrogate for a direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982). Therefore, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). In McKay, for example, the movant filed a § 2255 motion, arguing that he was erroneously sentenced as a career offender based on a prior conviction for carrying a concealed weapon that no longer qualified as a crime of violence under newer case law. Id. at 1192-1193. McKay had not objected to his sentence in the district court and had not filed an appeal. Id. at 1193. Therefore, the Eleventh Circuit held that McKay's sentencing claim was procedurally defaulted. Id. at 1198-1200. Similarly, in this case, the Movant never made this claim at her sentencing hearing in district court, or in her direct appeal, and is therefore

7

procedurally defaulted from making this claim on collateral review. The claimed error in <u>McKay</u> relating to the career offender provisions of the guidelines was much more egregious than the alleged error here, and was still held to be procedurally defaulted.

## IV.  Evidentiary Hearing

To the extent movant requests an evidentiary hearing on these claims, it should be denied. The movant has the burden of establishing the need for an evidentiary hearing, and she would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. <u>See</u> <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1963). A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. <u>See</u> <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As discussed in this Report, the arguments raised are unsupported by the record or without merit. No evidentiary hearing is required.

## V.  Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit

justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the movant has not demonstrated that she has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, she may bring this argument to the attention of the district judge in objections.

## VI. Conclusion

It is therefore recommended that this motion to vacate be denied as procedurally barred. It is further recommended that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 25th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Luz Marina Castrillon Lopez
     37339-053
     Tallahassee
     Federal Correctional Institution
     Inmate Mail/Parcels
     501 Capital Circle NE
     Tallahassee, FL 32301

     Marton Gyires
     US Attorney's Office
     99 NE 4th Street, Ste, 600
     Miami, FL 33132